UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SINATRO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WELCH FOODS INC., et al.,<br><br>    Defendants. | Case No.  3:22-cv-07028-JD<br><br>**ORDER RE MOTION TO DISMISS** |

In this putative consumer class action, plaintiffs Matthew Sinatro and Shane Winkelbauer challenge the "no preservatives" claims that defendants Welch Foods Inc. and Promotion in Motion, Inc. place on the labels of Welch's Fruit Snacks products.  Dkt. No. 30.  Plaintiffs say that the products contain two preservatives -- citric and lactic acid -- and that defendants knowingly mislabel their products in order to boost sales.  *See id.* ¶¶ 3-6.  The operative first amended complaint (FAC) presents claims against defendants for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; the False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*; and the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, as well as claims for fraudulent inducement, negligent misrepresentation, breach of warranty, and unjust enrichment.  *See* Dkt. No. 30 ¶¶ 109-205.  Plaintiffs seek damages, injunctive relief, a corrective advertising campaign, and restitution, among other remedies.  *See id.* ¶ 206.

Defendants ask to dismiss certain claims in the FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Dkt. No. 33.  Specifically, defendants request dismissal of plaintiffs' claims for injunctive relief, any claims to the extent they are based on online advertising statements that plaintiffs never saw, and the claim for unjust enrichment.  *See id.*  The parties' familiarity with the record is assumed, and the motion is denied.

# DISCUSSION

## I. PLAINTIFFS' STANDING FOR INJUNCTIVE RELIEF

Defendants challenge whether plaintiffs have Article III standing to seek injunctive relief. *See* Dkt. No. 33 at 2. As the Ninth Circuit has determined, "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase," because "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018); *see also Mueller v. Puritan's Pride, Inc.*, No. 16-cv-06717-JD, 2021 WL 5494254, at *8 (N.D. Cal. Nov. 23, 2021). Defendants say that plaintiffs lack standing because "neither Plaintiff alleges they would be interested in purchasing the Products if they contained 'no preservatives,'" Dkt. No. 40 at 3, and that "there is no threat of future injury because Plaintiffs now know the Products contain the purported preservatives and know where to identify those ingredients on the Products' labels," *id.* at 4.

The points are not well taken. Plaintiff Sinatro plausibly alleges that (i) he "enjoys fruit snacks as a common household staple and intends to purchase the Products again in the future if he could be sure that the Products' labeling was truthful," (ii) "in the future [he] will be unable to determine with confidence based on the labeling and/or other marketing materials, and without specialized knowledge, whether the Products truly contain 'No Preservatives' including any beyond citric or lactic acid," and (iii) he "cannot rely on the No Preservatives or any other Label representations with confidence in the future, and so he will not know if he should buy the Product again as he intends and wishes to do." Dkt. No. 30 ¶ 22; *see also id.* ¶ 23 (plaintiff Winkelbauer's identical allegations). Plainly speaking, plaintiffs are interested in the truth of the "no preservatives" claim on the packaging because they would buy the fruit snacks if they were sure that the snacks contained no preservatives. While Sinatro and Winkelbauer now understand the claim to be false, they have plausibly alleged that they will be unable to rely on the representations on the fruit snacks going forward, including any claims regarding the presence of preservatives,

2

without an injunction. This is enough for plaintiffs to proceed with their claims for injunctive relief. *See Milan v. Clif Bar & Co.*, 489 F. Supp. 3d 1004, 1007 (N.D. Cal. 2020).

## II.  ONLINE MARKETING AND ADVERTISING

Defendants contend that plaintiffs "lack standing to assert claims based upon various website and marketing representations they identify, but which they do not allege to have seen or relied upon in marketing their purchases." Dkt. No. 33 at 6. The FAC refers to defendants' marketing of the fruit snacks on the Welch's Fruit Snacks website and Twitter account, but neither Sinatro nor Winkelbauer allege that they saw or relied upon any representations made online. *See* Dkt. No. 30 ¶¶ 22-23, 61-65. According to plaintiffs, these allegations are relevant to the materiality of the "no preservatives" misrepresentation to a reasonable consumer, as well as defendants' knowledge and intent. *See* Dkt. No. 34 at 7. The allegations will be considered for those purposes, to the extent that they inform plaintiffs' label-based claims.

Dismissal of any claims is not warranted at this juncture. Notwithstanding some ambiguity in the FAC, *see, e.g.*, Dkt. No. 30 ¶ 166, plaintiffs have not suggested in opposing defendants' motion that they are bringing independent claims premised on defendants' online marketing or advertising. The Court will revisit this issue as warranted by developments in the case.

## III.  UNJUST ENRICHMENT

Lastly, defendants seek dismissal of the unjust enrichment claim. They say that the claim must be dismissed because plaintiffs also assert a claim for breach of express warranty, and "[u]nder California law, there cannot be a claim based on quasi-contract where there exists between the parties a valid express contract covering the same subject matter." Dkt. No. 33 at 7 (internal quotations and citation omitted). The point is not well taken. "Rule 8(d) expressly permits [plaintiffs] to allege alternative and/or inconsistent theories of liability at the pleadings stage." *Qayumi v. Talent Net, Inc.*, No. 21-cv-00323-JD, 2023 WL 218961, at *2 (N.D. Cal. Jan. 17, 2023) (citing Fed. R. Civ. P. 8(d)(2), (3)); *see also Deno v. State Farm Gen. Ins. Co.*, No. 22-cv-00513-JD, 2022 WL 4112358, at *3 (N.D. Cal. Sept. 9, 2022). In this case, the FAC asserts the unjust enrichment claim "in the alternative," in the event "there are no enforceable contractual obligations between the Parties." Dkt. No. 30 ¶ 201.

3

Defendants also ask to dismiss the unjust enrichment claim on the ground that "California does not recognize unjust enrichment as an independent cause of action." Dkt. No. 33 at 8. But the "status of unjust enrichment as an independent cause of action under California law is not clear." *Lundy v. Facebook Inc.*, No. 18-cv-06793-JD, 2021 WL 4503071, at *2 (N.D. Cal. Sept. 30, 2021) (citing *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016)). The Court declines to dismiss the claim at this stage of the case.

**IT IS SO ORDERED.**

Dated: May 22, 2023

JAMES DONATO
United States District Judge