VENABLE LLP
Daniel S. Silverman (SBN 137864)
dssilverman@venable.com
Bryan J. Weintrop (SBN 307416)
bjweintrop@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901

VENABLE LLP
Amit Rana (SBN 291912)
arana@venable.com
Jonathan A. Mireles (SBN 339295)
jamireles@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415.673.3750
Facsimile: 415.653.3755

Attorneys for Defendants,
Welch Foods Inc., A Cooperative, and
Promotion In Motion, Inc. d/b/a
PIM Brands, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MATTHEW SINATRO and SHANE WINKELBAUER, individually and on behalf of all others similarly situated

Plaintiffs,

v.

WELCH FOODS INC., A COOPERATIVE and PROMOTION IN MOTION, INC.

Defendants.

Case No. 3:22-CV-07028-JD

Hon. James Donato

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S UNAUTHORIZED RESPONSE TO OBJECTIONS TO PLAINTIFF'S NEW EVIDENCE ON REPLY**

Date: March 28, 2024
Time: 10:00 a.m.
Courtroom: 11

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

Local Rule 7-3 is unambiguous that "once a reply brief is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except as follows: (1) Objections to Reply Evidence. . . .". Plaintiff's counsel have yet again ignored this Court's Orders and the Local Rules with this unauthorized filing ("Unauthorized Submission"). ECF 99. This attempt to skirt the rules should be disregarded.

Even if considered, Plaintiff's Unauthorized Submission must be rejected, as it erroneously asserts that the Untimely Expert Reports offering new evidence and opinions in the reply brief regarding core issues of materiality and damages should be permitted because they are simply responding to Defendants' arguments in opposition. That is false. Plaintiff misunderstands Defendants' adequacy argument. In opposition to Plaintiff's motion for class certification, Defendants argued that Plaintiff's counsel are inadequate because of, among other reasons, their fatal error of not timely instructing their experts to conduct the conjoint survey and attendant analysis to render any expert opinions on materiality and damages. Plaintiff's counsel's decision to instruct their experts to conduct the survey **after** Defendants filed their opposition to the motion for class certification does not absolve their failure to timely do so. It is also untrue that Plaintiff's counsel first learned of this issue by reading Defendants' opposition. Not only does the Court's Scheduling Order state the expert disclosure deadline, but Defendants made it abundantly clear they would oppose any attempt by Plaintiff to rely on untimely expert reports of Mr. Gaskin and Mr. Weir during their depositions on December 19 and 20, 2023 (which were two weeks before Plaintiff's class certification motion was due and seven weeks before Defendants' opposition was due). Nonetheless, Plaintiff's counsel waited more than two months – until February 20 – to have their experts conduct the conjoint survey and prepare new expert reports on core issues. Significantly, none of Plaintiff's cited cases provide support for Plaintiff's position that they should be permitted to submit via a reply brief, new expert reports rendering previously undisclosed opinions long after the expert disclosure deadline. For example, *Dunsmore* is inapposite because in that case the court found that "the evidence raised in Plaintiff's Reply brief do not present new information…". *Dunsmore v. San Diego Cnty. Sheriff's Dept't,* 2022 U.S. Dist. LEXIS 106364, at * 2 (S.D. Cal. June 14, 2022). Similarly, in *In re Beer Antitrust*

*Litigation,* plaintiff argued the evidence submitted on reply "do not constitute new material" and the court only found "some differences" to "prior testimony" but nothing significant. *In re Beer Antitrust Litigation,* 2002 WL 1285320 at * 3 (N.D. Cal. Apr. 3, 2002).[1] The facts of these cases are very different than the facts here, where the new evidence submitted on reply is untimely, significant new opinions on core issues.

The Court should disregard Plaintiff's so-called "Response" to Defendants' Objections to Plaintiff's New Evidence on Reply.

Dated: March 22, 2024

VENABLE LLP

*/s/ Daniel S. Silverman*

Attorneys for Defendants,
Welch Foods Inc., A Cooperative, and
Promotion In Motion, Inc. d/b/a
PIM Brands, Inc.

---

[1] Plaintiff also relies on a footnote in *Synopsys, Inc. v. Mentor Graphics Corp.,* 2013 WL 6577143 at *1, n. 1 (N.D. Cal. Dec. 13, 2013) that did not even involve submission of new evidence on reply. *Id.*